Carothers and Wife *v.* Little and Others.

CAROTHERS
v.
LITTLE.

The meaning of the act entitled " an act to amend article 5, chapter 28, of the Revised Statutes of 1843," approved *January* 21, 1850, is, that in the distribution of the surplus of the personal estate of a deceased husband, after the payment of debts, there shall be given to the widow, where there are no heirs lineally descended, the amount of dowry which she brought to the husband, if the surplus is sufficient for that purpose; and where the surplus exceeds that amount, she shall receive such amount and half of the residue: but where she brought no dowry, she shall have half of such surplus.

ERROR to the *Putnam* Probate Court.

*Saturday,
December* 24.

*Per Curiam.*—*William Carothers* and *Lurannah*, his wife, petitioned the *Putnam* Probate Court to distribute to them the entire surplus of the estate of *Peter Fellenzer*, deceased, remaining after the debts of said estate had been paid. They set forth that said *Peter* died in *April*, 1850, leaving said *Lurannah* his widow, but leaving no heirs lineally descended, nor father nor mother; that said *Lurannah* subsequently married said *William Carothers*; that said *Peter* left surviving him certain brothers and sisters, who are made defendants; and that the surplus of the personal estate of said *Peter*, after payment of debts, amounts to 1,500 dollars, the money being now in the hands of the administrator. The administrator is made a *party*.

Answers were filed, admitting the facts stated in the petition, but insisting that said widow was entitled to but one-half of said surplus; and so the Court, on the final hearing, decreed.

The case is governed by the act of the legislature passed the 19th of *January*, 1850, and found on page 70 of the laws of 1850.

That act, construed together, requires, we think, that in distributing the surplus of the personal estate, after the payment of debts, there shall be given to the widow, where there are no heirs lineally descended, the amount of dowry brought to the husband by the widow, if the surplus shall amount to a sufficiency for the purpose; and

where the surplus amounts to more, she is to receive the amount of her dowry, and half the excess of the surplus of the estate over her dowry. But where she brought no dowry, she is to take half of the surplus. So the Court below decreed.

The then existing rule of distribution, under the R. S., gave the widow one-half in these cases, and it is not shown, in this case, that the widow brought any dowry to her husband. The law is now different, and this decision is unimportant, except for the determination of this particular case.

The decree below is affirmed with costs.

*L. Barbour* and *A. G. Porter*, for the plaintiffs.

*R. L. Hathaway*, for the defendants.

